Opinion by EKWALL, J.  In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.  (See *John Barr* v. *United States*, 324 U. S. 83.)  In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 810898.  The protest was sustained to this extent.

**No. 52485.**—American Cyanamid & Chemical Corp. et al. *v.* United States, protests 119084–K, etc. (Los Angeles, etc.).

Opinion by JOHNSON, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, AUGUST 4, 1948

**No. 52486.**—Oppenheim Collins et al. *v.* United States, protests 786727–G, etc. (New York).

Opinion by LAWRENCE, J.  It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).  The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 52487.**—Marr Duplicator Co. et al. *v.* United States, protests 472582–G, etc. (New York).

Opinion by LAWRENCE, J.  The protests were dismissed.

**No. 52488.**—Irving L. Hartman & Co., Inc., et al. *v.* United States, protests 552148–G, etc. (New York).

Opinion by TILSON, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, AUGUST 4, 1948

**No. 52489.**—Bullocks, Inc. *v.* United States, protests 44875–K, etc. (Los Angeles).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52490.**—D. Strauss & Co., Inc. *v.* United States, protests 54493–K and 62288–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52491.**—Arthur H. Lee & Sons, Inc. *v.* United States, protests 56040–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52492.**—Associated Merchandising Corp. et al. *v.* United States, protests 58156–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.